NUMBER 13-01-611-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



ALAN JAMES CHACE,                                                          Appellant,

 

                                                   v.

 

SALVADOR
LOPEZ AND 

NILDA CABUTO SOTO,                                                         Appellees.

 



 

                        On appeal from the 404th District Court

                                 of Cameron County, Texas.

 



 

                                   O P I N I O N

 

        Before Chief Justice Valdez
and Justices Dorsey and Rodriguez

                                  Opinion by
Justice Dorsey

 








The sole issue is whether the Federal Soldiers= and Sailors= Civil Relief Act of
1940, 50 U.S.C.App. '' 501-93 bars the
imposition of prejudgment interest that is authorized under state law.  We hold that the provisions of the Act do
not, and affirm the judgment.








This judgment arose from an automobile accident occurring in June,
1993.  A defendant, appellant Alan James
Chase, was an officer in the United States Navy on active duty when the
accident happened and has been on continuous active duty, both here and abroad,
ever since.  The case was tried to a jury
in May, 2001 with a resulting verdict for appellee, Salvador Lopez, for
$261,800 for his injuries and for appellee, Nilda Soto Cabuto, $60,000 for her
injuries.  The trial court rendered
judgment consistent with the verdict and awarded prejudgment interest to
appellees of $199,829 and $45,797, respectively.  The only complaint on appeal is that the
trial court erred in awarding any prejudgment interest consistent with Texas
Finance Code Chapter 304, because an Act of Congress, the Soldiers= and Sailors= Civil Relief Act of
1940, 50 U.S.C.App. '' 501-93 prevents the
imposition of interest accruing between the incident and the judgment.  The calculation of interest is not
challenged.      The Soldiers= and
Sailors= Civil Relief Act of 1940, 50
U.S.C.App. '' 501-93 was enacted Ato suspend enforcement
of civil liabilities, in certain cases, of persons in the military service of
the United States in order to enable such persons to devote their entire energy
to the defense needs of the Nation@ and Ato enable the United
States the more successfully to fulfill the requirements of the national
defense.@  50 U.S.C.App. ' 510.  In accordance with that declared purpose, Congress
gave the service member certain protections, such as a stay of proceedings in
court where the serviceman is a party, 50 U.S.C.App. ' 521,
or no penalties to accrue for failure to comply with the terms of a contract
where an action based on contract is stayed pursuant to the Act, 50 U.S.C.App. ' 522,
as well as other matters. 

 The parties agree, however,
that no provision of the Act explicitly prohibits the accrual of interest for
personal injuries between when the injury occurred and the judgment, and that
there are no decisions of courts to provide guidance.  Appellant argues that the purpose of the Act
is clearly set forth, Ato suspend the
enforcement of civil liabilities@, 50 U.S.C.App. ' 510,
and the Act is to be always liberally construed to protect those who have been
obliged to drop their own affairs to take up the burdens of the nation.  See Boone v. Lightner, 319 U.S. 561,
572 (1943).  Appellant urges us not to
confine our review to words, phrases, or clauses in isolation, but rather to
examine the entire Act to glean its meaning. 
Meritor Auto. Inc.
v. Ruan Leasing Co., 44 S.W.3d 86, 89 (Tex.
2001).

Be that as it may, the Act itself limits its applicability to certain
concrete situations.  For example,
section 522 deals with fines and penalties on contracts, section 525 with
tolling statutes of limitation, and section 526 establishes a maximum rate of
interest on obligations incurred before the service member entered the
service.  Nowhere in the Act is there a
provision that could reasonably be construed to encompass the situation at
hand.








Several basic principles announced in Meritor Auto. and similar cases guide courts in construing statutes, one
of which is that the legislature says what it means, and that the language of
the statute itself is examined for its applicability.  Courts recognize the legislature=s role as law maker,
and its competence to include or exclude coverage in a statute.  The court=s role is to look to the language the legislature
has chosen, rather than general statements of purpose, to determine
applicability.  For the court to expand
the statute beyond what the legislature has enacted,
is an usurpation of the authority of the Congress.  Construing the statute as a whole becomes
useful when some parts appear to be in conflict with others.     

With full appreciation of the separation of powers between courts and
legislatures and the resulting limited authority of courts to alter a statute,
we hold the Soldiers= and Sailors= Civil Relief Act of
1940 does not bar the imposition of prejudgment interest under Texas law.  The points of error are overruled and the
judgment is AFFIRMED.

 

  

______________________________

J.
BONNER DORSEY,

Justice

 

Publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this 24th day of
October,  2002.